VAIDIK, Chief Judge,
dissenting.
I respectfully dissent. For the same reasons explained in my dissent today in the case of Harris’ co-defendant, Summer Snow, I believe that the trial court abused its discretion in admitting evidence about a handgun (which belonged to Snow) that was' found in Snow’s driveway after both Snow and Harris were in custody. Although the majority finds that the error is harmless in light of the other evidence of Harris’ guilt, I disagree because the issue of guilt in this joint trial boiled down to whose version of events to believe: Officer Peck’s version or Snow and Harris’ version. " The gun—which Snow never used or brandished during the altercation and, in any event, which Snow legally possessed—and the State’s emphasis on the gun, including the inflammatory (and misleading) fact that it was “unregistered,” colored the jury’s perception of Snow and Harris and led the jury to believe Officer Peek’s version of events. I would therefore reverse Harris’ conviction for Level 5 felony battery against a public safety official and remand this case for a new trial.